[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Petitioner (Scott F. Lee, Jr.) was sentenced on June 20, 1990, in Rutland County, Vermont, to twenty years to life, one of the convictions CT Page 9331 being for a homicide second. He was subsequently transferred to Connecticut Prison Authorities under the Interstate Prison Compact.
While in Connecticut he had several disciplinary tickets and on or about September 28, 1993 he was convicted of rioting/carrying a weapon in a state prison and given eighteen months consecutive to his Vermont sentence. As a result, he was transferred to Northern Correctional Institution in Somers with a Level V classification, a high security risk. After a year he was transferred from Northern and is presently confined to Corrigan Correctional Institution on a Level IV. He brings this petition claiming that he should have been reduced to a Level III because of his good record since then and that an amendment to the Interstate Compact Agreement with Vermont states that anyone from out of state would not be considered for a level reduction regardless of the time they have in or remaining This was disputed as to an amendment by Tracy Hartshore who testified under oath at the hearing before this Court on July 25, 2000. She is employed by the State Department of Corrections and stated that there is no such policy or amendment regarding prisoners from out of state.
The Court finds that the petitioner's classification was reduced from Level V to Level IV and that he was given an eighteen month sentence to run consecutively to the sentence imposed in Vermont. His minimum release date is 2005 for the sentence he is serving from the Vermont court. He is given a classification review every six months, his last one being in April 2000 and his next one scheduled for October 2000. However, this Court cannot interfere with the classification decisions made by prison officials. This is discretionary on their part based upon several factors including the prison history of the petitioner as well as the charges for which he was convicted.
It is well settled law in Connecticut and in the federal courts that prisoners have no constitutionally protected interest or federally protected right in their classification. In Pugliese v. Nelson,617 F.2d 916, 925 (2nd Circuit 1980), the Second Circuit Court of Appeals which covers Connecticut and Vermont rejected the claim that classification decisions are protected by due process. Also, in the case of Waheway v. Warden, 215 Conn. 418, 430-31 (1990), the Connecticut Supreme Court concluded that an inmate has no liberty interest in a particular security classification. In citing Moody v. Daggett, 429 U.S. 78,97 S Court 274, 50 L.Ad.2d 236 (1976), the Connecticut Supreme Court stated, inter alia: "The Moody court established the further proposition that not every state action that carries adverse consequences for prison inmates automatically implicates or effectuates a due process right.Prison classification and eligibility for various rehabilitation programs, where prison officials have full discretion to control those CT Page 9332 conditions of confinement, do not create a statutory or constitutional entitlement sufficient to invoke due process." Emphasis added.
Perhaps, the petitioner filing a habeas corpus petition in Vermont might produce different results although that appears unlikely in view of the federal court rulings. Failing that, the petitioner's classification is to be reviewed every six months, and at some time if his record remains clean in the future, his classification may be reduced. However, that is solely the province of the prison officials.
Accordingly, the petition for habeas corpus is dismissed.
Rittenband, JTR